MEMORANDUM OPINION

No. 04-06-00142-CV

Eugene T. GOLDSTEIN,

Appellant

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellee

From the County Court at Law No. 5, Bexar County, Texas

Trial Court No. 308802

Honorable H. Paul Canales , Judge Presiding




Opinion by: Phylis J. Speedlin , Justice



Sitting: Sandee Bryan Marion , Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice



Delivered and Filed: October 11, 2006



AFFIRMED 

 Eugene Goldstein challenges the suspension of his driver's license, arguing in a single issue that the trial court erred in
affirming the administrative law judge's findings. We affirm the judgment of the trial court.





Background

 In the early hours of October 13, 2005, San Antonio police officer Marty Laurene was dispatched to a motor vehicle
accident on N.E. Loop 410. When he arrived, he spoke with witnesses who had been working in the median between the
main lanes of the highway and the access road at the time of the accident. The witnesses stated they had parked their
vehicle in the left-hand access lane, and activated flashing lights both on the top of the vehicle and in the tail lamps. While
working, they heard a crash and observed that their parked vehicle had been struck by Goldstein's vehicle. When Officer
Laurene asked Goldstein what happened, Goldstein stated that he was driving in the left-hand lane of the access road and
did not see the vehicle stopped in front of him, and ran into it. According to Goldstein, there were no lights flashing on the
parked vehicle. The officer noticed Goldstein's breath smelled of intoxicants, his eyes were bloodshot, he swayed while
standing, and his speech was slurred. When Officer Laurene asked Goldstein if he was injured, Goldstein stated that his
right ankle was sprained, but he was otherwise fine. Officer Laurene proceeded to administer the HGN test on Goldstein,
and received positives on all six clues. Goldstein refused to participate in any further field sobriety tests, and refused to
provide a breath sample. He was subsequently advised of his rights and arrested for driving while intoxicated.

 At the conclusion of an administrative hearing regarding the suspension of Goldstein's driver's license, the administrative
law judge (ALJ) issued an order affirming the Department's suspension of Goldstein's driver's license. The administrative
decision was recorded on a pre-printed form, which contained language stating that, "probable cause existed to believe that
Defendant was operating a watercraft ... while intoxicated ... ." On the form, the ALJ recorded handwritten findings that,
"Goldstein identified himself to Officer Laurene as the driver of a motor vehicle involved in a collision on a Texas public
roadway," and "Officer Laurene observed Goldstein to have an alcoholic beverage odor, slurred speech and impaired
balance." Goldstein appealed the ALJ decision to the Bexar County Court at Law based on his contention that the ALJ
made a finding of fact that Goldstein had operated a watercraft while intoxicated, which was not supported by the evidence. 
The trial court upheld the suspension, noting the administrative order contained an "obvious clerical error" which did not
negate the order. The court further held the administrative decision was supported by substantial evidence, and was not
arbitrary or capricious. Goldstein now appeals the trial court's decision, arguing that the trial court erred in affirming the
suspension of his driver's license.

Analysis

 A reviewing court applies the substantial evidence standard when reviewing an administrative license suspension. See Tex.
Transp. Code Ann. § 524.041 (Vernon 1999); Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); Mireles v. Tex. Dep't of
Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). The court may not substitute its judgment as to the weight of the evidence for
that of the agency. City of El Paso v. Public Util. Comm'n, 883 S.W.2d 179, 185 (Tex. 1994). Under this standard, there is
a presumption that substantial evidence supports the administrative findings, inferences, conclusions and decisions, and the
complaining party has the burden of proving otherwise. Id. The issue for the reviewing court is not whether the
administrative judge's decision was correct, but rather whether there is some reasonable basis in the record for the
administrative decision. Id. If there is more than a scintilla of evidence supporting the ALJ's findings, the reviewing court
must affirm the decision. Mireles, 9 S.W.3d at 131 (noting that an administrative decision may be sustained even if the
evidence preponderates against it). A court may reverse an administrative decision only if it finds the appellant's substantial
rights have been impaired because the ALJ's findings are not supported by the record in its entirety. See Tex. Gov't Code
Ann. § 2001.174. 

 In order to establish whether the trial judge erred in affirming Goldstein's driver's license suspension, we must determine
whether the record provides a reasonable basis to support the ALJ's findings and decision. The facts in the record establish
there was probable cause for the officer to believe Goldstein was driving while intoxicated before crashing into a parked
vehicle, and Goldstein admitted to driving his vehicle into the parked vehicle. Prior to his hearing, Goldstein was notified
that the Department sought to prove that he operated a motor vehicle while intoxicated. The ALJ determined that the
Department met its burden of proof as outlined in section 724.042 of the Transportation Code, which authorized Goldstein's
license suspension. Tex. Transp. Code Ann. § 724.042 (Vernon Supp. 2006). 

 Goldstein argues only that the watercraft language on the form invalidates the administrative order because there is no
evidence establishing that he was operating a watercraft while intoxicated. Goldstein argues that, as a matter of law, the
Department failed to present any evidence to support the finding that he operated a watercraft while intoxicated; therefore,
the order violates his right to due process and due course of law. However, the ALJ's handwritten findings on the form
clearly identify Goldstein as the driver of a motor vehicle involved in an accident on a Texas highway, and note the signs of
his intoxication. As observed by the trial court, the ALJ's mistaken use of a pre-printed form containing language related to
operation of a watercraft while intoxicated, instead of driving while intoxicated, was an obvious clerical error which does
not invalidate the administrative findings and decision. See Tex. Dep't of Pub. Safety v. Segrest, No. 03-02-00671-CV, 2003
WL 22348841, at *3 (Tex. App.--San Antonio Oct. 16, 2003, no pet.) (clerical error in ALJ finding was not material and did
not impair appellant's substantial rights where there was sufficient proof to establish probable cause that appellant had
operated his vehicle while intoxicated); see also Cockrell v. Estevez, 737 S.W.2d 138, 140 (Tex. App.--San Antonio 1987,
no writ) (upholding judgment based on citation misspelling appellant's name where appellant was personally served and did
not claim error had misled him). Therefore, we hold that the clerical error contained in the ALJ's order is not material, and
does not impair Goldstein's substantial rights. The judgment of the trial court is affirmed.

 

 Phylis J. Speedlin , Justice