# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00116-CV

**Jimmy Gayle Locklear, Appellant**

**v.**

**Texas Department of Insurance and Jose Montemayor,
Commissioner of Insurance, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. 98-13333, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

Appellant Jimmy Locklear appeals the district court's final judgment affirming the Commissioner's order that denied his 1997 application for a Group I, Legal Reserve Life Insurance Agent License (Group I License). We will affirm the district court's judgment.

### Background

In December 1994, while appellant was a licensed insurance agent, he pleaded guilty to the federal felony offenses of conspiracy to commit mail fraud and wire fraud. Appellant admitted that he received in excess of $800,000 in bribes and kickbacks while employed at J.C. Penney. In August 1995, appellant was convicted for the federal felony offenses and sentenced to eighteen months in prison followed by three years of supervised release, and fined $50,000. On January 16, 1996, because of his federal felony convictions, the Commissioner revoked his Group I License. *See* Tex. Ins. Code Ann. art. 21.07-1, § 12(a)(9) (West Supp. 2000).

On August 4, 1997, during his supervised release from prison, appellant applied for a Group I License. The Department refused appellant's application based on five grounds including allegations that appellant:

(1) failed to show good cause why the revocation of his previous license should not be deemed a bar to the issuance of a new license;

(2) has been convicted of a felony; and

(3) is guilty of fraudulent or dishonest practices.

The Department sent a notice of hearing to appellant that informed him of the allegations and of his right to appear and be represented by counsel at a hearing. On March 17, 1998, a hearing was convened before an administrative law judge at which the Department and appellant both appeared represented by counsel. The administrative law judge made the following findings, among others, that were adopted by the Commissioner: (1) that appellant pleaded guilty to federal felony offenses of conspiracy to commit mail fraud and wire fraud and was convicted; (2) as a result of his federal conviction he was sentenced to eighteen months imprisonment followed by three years supervised release and fined $50,000; (3) because the federal felonies involved large sums of money and a fiduciary duty, the nature of the crime directly relates to appellant's fitness to hold an insurance agent's license; (4) on January 16, 1996, appellant's Group I License was revoked based on his federal convictions; (5) appellant did not offer substantial evidence that the license revocation should not be deemed a bar to the issuance of a new license; and (6) appellant had been released from prison only fifteen months earlier. On September 17, the Commissioner denied appellant's application. The Commissioner determined that appellant was guilty of fraudulent or dishonest practices, that the

revocation of his previous license barred the issuance of a new license, and the Commissioner, therefore, was justified in denying appellant a Group I License.

Appellant filed a motion for rehearing requesting that the Commissioner rescind the order denying his license and complaining of several of the Commissioner's findings of fact and conclusions of law. Appellant's motion was overruled by operation of law. Appellant then filed this proceeding for judicial review of the Commissioner's order denying his 1997 application for a Group I License. The district court determined that the Commissioner's order was supported by substantial evidence, denied the relief requested by appellant and affirmed the Commissioner's order. *See* Tex. Ins. Code Ann. § 36.203 (West Supp. 2000); Tex. Gov't Code Ann. § 2001.174 (West 2000) (judicial review of Commissioner's order is conducted pursuant to substantial evidence rule). Appellant timely filed a notice of appeal complaining of the district court's final judgment.

**Discussion**

This Court reviews the Commissioner's order using the standards of the substantial evidence scope of review defined by the Administrative Procedure Act. *See* Tex. Gov't Code Ann. § 2001.174. In conducting a substantial evidence review, we review the Commissioner's findings, inferences, conclusions, and final decision to determine whether a rational basis exists for the disputed action. *See Mireles v. Texas Dep't of Public Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984); *Ramirez v. Texas State Bd. of Med. Exam'rs*, 995 S.W.2d 915, 919 (Tex. App.—Austin 1999, pet. denied). The party challenging the agency decision bears the burden of establishing that no reasonable basis exists in the record for the agency's decision. *Ramirez*, 995 S.W.2d at 919 (citing *Charter Medical-Dallas*,

3

665 S.W.2d at 452). We may not substitute our judgment for that of the agency's as to the weight of the evidence. *See Mireles*, 9 S.W.3d at 131; *Public Util. Comm'n v. Gulf States Util. Co.*, 809 S.W.2d 201, 211 (Tex. 1991). Finally, the decision of the agency should be reversed only if the challenging party demonstrates that the absence of substantial evidence has prejudiced the party's substantial rights. *See Charter Medical-Dallas*, 665 S.W.2d at 452.

When a previously licensed individual has had a license revoked and, after one year of the revocation, applies for a new license, the Commissioner may deny the application unless the applicant shows good cause why the revocation of the *previous* license shall not be deemed a bar to the issuance of a new license. *See* Tex. Ins. Code Ann. art. 21.07-1, § 12(c) (West 2000) (emphasis added).

The Commissioner revoked appellant's previous Group I License by official order of January 6, 1996, due to his federal felony convictions for the offenses of conspiracy to commit mail fraud and wire fraud. *See* Tex. Ins. Code Ann. art. 21.07-1, § 12(a)(9) (West Supp. 2000). The Commissioner, therefore, could deny appellant's 1997 application unless appellant showed good cause why the prior revocation of his Group I License should not be deemed a bar to this application. *See id.*

Appellant argues that the Occupations Code limits the Commissioner's ability to deny him a license because of his past criminal conviction. *See* Tex. Occ. Code Ann. §§ 53.021-.025 (West Supp. 2000).[1] A licensing authority may disqualify a person from receiving a license on the grounds

---

[1] *See* Act of May 19, 1981, 67th Leg., R.S., ch. 267, § 1, 1981 Tex. Gen. Laws 694, 694. This statute was codified by Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 1447. For convenience we will cite to the current Occupations Code sections.

that the person has been convicted of a felony that directly relates to the duties and responsibilities of the licensed occupation. *See id.* at § 53.021(a). Chapter 53 also sets out factors that the licensing authority may consider in determining whether the conviction relates to the occupation. *See id.* at § 53.022. These factors include:

(1) the nature and seriousness of the crime;

(2) the relationship of the crime to the purposes for requiring a license to engage in the occupation;

(3) the extent to which a license might offer an opportunity to engage in further criminal activity of the same type as that in which the person previously had been involved; and

(4) the relationship of the crime to the ability, capacity, or fitness required to perform the duties and discharge the responsibilities of the licensed occupation.

*Id.* Chapter 53 also lists other factors for the licensing authority to consider when determining the present fitness of a person who has been convicted of a crime. *See id.* at § 53.023. These additional factors include:

(1) The extent and nature of the person's past criminal activity;

(2) the age of the person when the crime was committed;

(3) the amount of time that has elapsed since the person's last criminal activity;

(4) the conduct and work activity of the person before and after the criminal activity;

(5) evidence of the person's rehabilitation or rehabilitative effort while incarcerated or after release; and

(6) other evidence of the person's fitness, including letters of recommendation from various persons in contact with the convicted person.

*Id.* Additionally, each licensing authority shall issue guidelines relating to its practices. *See id.* at § 53.025.

The Department has issued guidelines related to determining the consequences of a criminal conviction when it considers granting a license to sell insurance. *See* 28 Tex. Admin. Code §§ 1.501-.502 (2000). These guidelines include the recognition that the relationship between insurance agents and the public requires trust in and reliance upon agents because of the complex and varied nature of insurance and insurance-related products. *See id.* at § 1.502(a)(1). In light of the special relationship, the matters specified in the Occupations Code sections 53.022 and 53.023 are considered by the Department when determining whether to deny any license under the Department's jurisdiction. *See id.* According to the guidelines, the Department considers it very important that licensees and license applicants be honest, trustworthy, and reliable. *See id.* at § 1.502(a). Accordingly, crimes involving moral turpitude, including but not limited to fraud, dishonesty, and the mishandling of funds are generally of prime importance in determining fitness for an insurance license. *See id.*

The Commissioner found that appellant was convicted of felony fraud. The Department and the Commissioner have determined that the serious nature of felony convictions involving crimes of moral turpitude bear such a strong relationship to the occupations licensed by the Department that special rules apply to licensing persons convicted of such crimes. *See id.* at § 1.502(a)(3). The Department or Commissioner cannot issue a license to any applicant for any license regulated by the Department if the applicant has been convicted of a felony involving moral turpitude unless the Commissioner finds that other matters, such as those specified in sections 53.022 and

6

53.023 of the Occupations Code, outweigh the serious nature of a felony conviction involving moral turpitude when viewed in light of the occupation being licensed. *See id.* at § 1.502(a)(3)(C).

Appellant's federal felony convictions warranted serious consideration by the Commissioner of his suitability for an insurance agent's license. The Commissioner determined that appellant's felony convictions included a breach of a fiduciary relationship. Moreover, the convictions involved the fraudulent taking of $800,000. The Department recognized that an insurance agent is placed in a position of trust and has power over large sums of money. The Commissioner considered the statutory factors and determined that appellant should not be granted a license to sell insurance. We hold that appellant failed to establish that there was no reasonable basis in the record for the Commissioner's decision to deny his application for a Group I License.[2]

The district court's judgment is affirmed.

Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

---

[2] As an additional basis for denying appellant's 1997 application, the Commissioner found that appellant made a material misrepresentation on his previous application for a Group I License and renewal. Because we affirm the Commissioner's denial of appellant's 1997 application based on appellant's failure to show good cause why the revocation of his previous Group I License based on federal felony convictions should not be a bar to this application, we decline to address appellant's contentions complaining about any additional bases the Commissioner found for denying appellant's 1997 application as those contentions are not necessary to the disposition of the appeal. *See* Tex. R. App. P. 47.1.

Affirmed

Filed:   October 5, 2000

Publish