OPINION HEADING PER CUR 







                     NO. 12-03-00263-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


AMBER MORGEN HESSKEW,                       §     APPEAL FROM THE 
APPELLANT
 
V.                                                                         §     COUNTY COURT AT LAW NO. 3 OF

TEXAS DEPARTMENT OF 
PUBLIC SAFETY,                                             §     SMITH COUNTY, TEXAS
APPELLEE




OPINION
            An administrative law judge (“ALJ”) authorized the Texas Department of Public Safety
(“DPS”) to suspend Amber Morgen Hesskew’s (“Hesskew”) driver’s license for 180 days. On
appeal, the County Court at Law No. 3 in Smith County, Texas affirmed the administrative decision. 
In two issues, Hesskew contends that there was no evidence to support that 1) a traffic violation had
occurred or that 2) Hesskew was intoxicated. We affirm.

Background
            At 3:40 a.m. on Saturday, November 16, 2002, Officer Barry Goines of the DPS stopped
Hesskew on Interstate 20 in Smith County for 1) driving 80 miles per hour in an area with a posted
speed limit of 65 miles per hour, 2) failing to drive in a single lane, and 3) driving on the improved
shoulder. Officer Goines wrote in his report that at the time of the stop, the thirty-two year old
Hesskew displayed the following conditions: “poor balance, swaying, odor [of] beer on breath, [and]
bloodshot eyes.” Hesskew told Officer Goines that she had consumed two cranberry-and-vodka
drinks in Terrell and that she was on her way to Canton, which is located in Van Zandt County.


 At
the time of the stop, Officer Goines administered the standardized field sobriety testing that included
the horizontal gaze nystagmus, the walk-and-turn, and the one-leg stand. Officer Goines wrote that
Hesskew could not perform the latter test because she kept falling down. Officer Goines then
arrested Hesskew for driving while intoxicated and requested that Hesskew take a breath test to
determine her blood alcohol content. Hesskew refused to provide a breath sample.
            The DPS suspended Hesskew’s license for 180 days, and she contested the suspension during
an administrative hearing. After the hearing on March 27, 2003, the ALJ entered an order affirming
the suspension of Hesskew’s drivers license. Hesskew appealed this decision to the County Court
at Law No. 3 in Smith County, Texas, which affirmed the ALJ’s order on August 1, 2003. Hesskew
timely appealed to this Court.

Standard of Review
            A person whose driver’s license is suspended following an administrative hearing is entitled
to a judicial review of the decision. See Tex. Transp. Code Ann. § 524.041 (Vernon 1999). Courts
review administrative license suspension decisions under the substantial evidence standard. See
Tex. Transp. Code Ann. § 524.041 (Vernon 1999); Tex. Gov’t Code § 2001.174 (Vernon 2000). 
“Substantial evidence” means that, on the evidence as a whole, reasonable minds could have reached
the same conclusion as that of the administrative agency. See Texas State Bd. of Dental Examiners
v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988). 
            The issue for the reviewing court is not whether the agency’s decision was correct, but only
whether the record demonstrates some reasonable basis for the agency’s actions. Mireles v. Tex.
Dep’t. of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). Courts must affirm administrative findings
in contested cases if there is more than a scintilla of evidence to support them. Id. In fact, an
administrative decision may be sustained even if the evidence preponderates against it. Id.

Reasonable Belief of a Traffic Violation
            In her first issue, Hesskew contends that the evidence was insufficient to show that she had
violated any traffic law or regulation; therefore, there was no justification for Officer Goines to stop
her. The DPS responds that it was not necessary for it to establish that Hesskew had actually
committed a traffic offense. We agree with the DPS.
            When a law enforcement officer stops someone on a public road, it is only necessary that he
reasonably believes that a violation was in progress. See Powell v. State, 5 S.W.3d 369, 377 (Tex.
App.– Texarkana 1999, pet. ref’d). When a law enforcement officer observes a vehicle traveling
what he believes to be fifteen miles over the posted speed limit, a traffic stop is justified. See Texas
Dep’t. of Pub. Safety v. Nielsen, 102 S.W.3d 313, 317 (Tex. App.– Beaumont 2003, no pet.). Under
the Mireles standard, we hold that there is substantial evidence that Officer Goines had a reasonable
belief that Hesskew was speeding. See Mireles, 9 S.W.3d at 131. 
            Because we have determined that Officer Goines had a reasonable belief that Hesskew was
speeding, it is not necessary for us to consider the alleged violations of Hesskew’s failure to drive
in a single lane or driving on the improved shoulder. Accordingly, Hesskew’s first issue is
overruled. 

Timing of Hesskew’s Arrest
            In her second issue, Hesskew contends that Officer Goines conducted the field sobriety tests
after he had arrested her and therefore the field sobriety tests were inadmissible evidence. Hesskew
bases this contention on the fact that in Officer Goines’s sworn report, which was the only evidence
before the ALJ, the arrest occurred at 3:40 a.m., while the field sobriety test was entered as being
conducted at 3:45 a.m.
            The DPS responds that Officer Goines’s sworn report also shows that the traffic stop was
made at 3:40 a.m. and that the Miranda warnings were also given at 3:40 a.m.


 The DPS contends
that these time notations in the report show that Officer Goines was making approximate time
notations in his sworn report rather than the actual specific time that each event occurred. The DPS
contends that it is unrealistic to believe that Officer Goines stopped Hesskew, arrested her, and gave
her Miranda warnings, all at 3:40 a.m.
            Sworn affidavits of law enforcement officers must be viewed by the courts in a common
sense, not hyper-technical, fashion. See McFarland v. State, 928 S.W.2d 482, 510 (Tex. Crim.
App. 1996). Courts are permitted to draw reasonable inferences from the facts supporting a law
enforcement officer’s sworn statements. See Gibbs v. State, 819 S.W.2d 821, 830 (Tex. Crim.
App. 1991). The ALJ was thus free to infer from the evidence before him that Officer Goines
acted in the following order regardless of the time notations entered in his report: he stopped
Hesskew, noticed signs that she had been drinking, asked her what she had been drinking, asked
her where she had been drinking, administered field sobriety tests, arrested her, and then read her
the Miranda warnings. Therefore, we hold that there was more than a scintilla of evidence to
support the ALJ’s findings. Hesskew’s second issue is overruled.
 
Conclusion 
            Having overruled Hesskew’s two issues, the judgments of the ALJ and the trial court are
affirmed. 
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered July 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)