



★ ★ ★                    ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00001-CV

Ashwin Alexander **KALIA**,
Appellant

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 332748
Honorable H. Paul Canales, Judge Presiding

Opinion by:     Catherine Stone, Justice

Sitting:         Catherine Stone, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   July 9, 2008

AFFIRMED

Ashwin Kalia appeals the trial court's judgment affirming an administrative law judge's ("ALJ") order suspending his driver's license. On appeal, Kalia contends the ALJ erred by finding a reasonable suspicion existed for stopping him. We affirm the trial court's judgment.

## BACKGROUND

The facts of this case are undisputed. Kalia was stopped by officer Matthew Stacy on May 12, 2007 when the officer noticed Kalia's driver's side stoplamp, *i.e.*, brake light, to his Ford SUV

was defective.[1]  Upon stopping Kalia for his defective stoplamp, Officer Stacy smelled the odor of alcohol emanating from Kalia's vehicle and noticed Kalia's speech was slurred.  Officer Stacy proceeded to administer field sobriety tests to Kalia after Kalia admitted that he had been drinking.  Officer Stacy received positives on all six clues on the HGN test he administered, three clues on the walk and turn test, and two clues on the one-leg stand test.  Kalia was subsequently advised of his rights and arrested for driving while intoxicated.

An administrative hearing was held regarding the suspension of Kalia's driver's license.  The ALJ was presented with evidence from the arresting officer indicating that Kalia's driver's side stoplamp was inoperable at the time of his stop.  The ALJ was also  presented with a visual recording confirming the fact that Kalia's driver's side stoplamp did not illuminate.  At the conclusion of the administrative hearing, the ALJ issued an order authorizing the Texas Department of Public Safety ("the Department") to suspend Kalia's driver's license. The administrative decision contained language stating that a "reasonable suspicion to stop [Kalia] existed, in that a Texas peace officer within his jurisdiction observed [Kalia] operate a motor vehicle on a Texas public roadway without a driver's side stoplamp."  The decision further stated that "the stoplamp at the top middle of [Kalia's] rear window does not fit the definition of a required stoplamp, or taillamp as stated in TEX. TRANSP. CODE ANN. §§ 547.322 and 547.3215."

Kalia appealed the ALJ decision to the Bexar County Court at Law based on his contention that his stop was not based on a reasonable suspicion.  According to Kalia, Officer Stacy did not have a reasonable suspicion to stop him for a traffic offense because Texas law requires him to have

---

[1] The SUV Kalia was driving at the time of his stop came equipped with three stoplamps — one on each side of the rear of the vehicle and the third at the top midline of the rear window.  Other than the driver's side stoplamp, Kalia's remaining stoplamps were functioning properly at the time of his stop.

only two functioning stoplamps on his vehicle, not three. The trial court upheld Kalia's driver's license suspension, noting the administrative decision was supported by substantial evidence and was not arbitrary or capricious. Kalia now appeals the trial court's decision, arguing that the trial court erred in affirming the suspension of his driver's license.

## STANDARD OF REVIEW & APPLICABLE LAW

We review administrative license suspension decisions under a substantial evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Courts applying the substantial evidence standard of review may not substitute their judgment for that of the agency. *Id.* "The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action." *Id.* This court must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.* "In fact, an administrative decision may be sustained even if the evidence preponderates against it." *Id.*

"An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law." *Castilleja v. Tex. Dep't of Pub. Safety*, No. 04-05-00841-CV, 2006 WL 2546327, *1 (Tex. App.—San Antonio 2006, no pet.) (mem. op.). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in a violation of the law. *Id.* "To support a finding of reasonable suspicion, the evidence need not establish that a traffic violation was actually committed, but only that the facts supported a reasonable suspicion that a violation was in progress or had been

committed." *Id.* Courts make a reasonable suspicion determination by considering the totality of the circumstances. *Id.*

One of the transportation statutes relied on by the ALJ in this case was section 547.3215 of the Texas Transportation Code, which requires Texas drivers to comply with federal standards for motor vehicles. *See* TEX. TRANSP. CODE ANN. § 547.3215 (Vernon 1999). Section 547.3215 provides: "Unless specifically prohibited by this chapter, lighting, reflective devices, and associated equipment on a vehicle or motor vehicle must comply with: (1) the current federal standards in 49 C.F.R. Section 571.108; or (2) the federal standards in that section in effect, if any, at the time the vehicle or motor vehicle was manufactured." *Id.* The federal standards pertinent to this case require passenger vehicles less than 80 inches in width to have three stoplamps on the rear of the vehicle; one on each side of the vehicle's vertical centerline, at the same height, and as far apart as practicable, and one high-mounted on the vertical centerline.[2]

## DISCUSSION

On appeal, Kalia claims that we must overturn the ALJ's reasonable suspicion determination because the Department was required to offer proof to the ALJ that he actually committed a specific traffic offense. Although Kalia contends the Department failed to demonstrate that he actually committed a traffic violation, the Department was not required to do so. The Department was only required to prove that Officer Stacy reasonably believed a traffic violation was in progress. *See*

---

[2] 49 C.F.R. § 571.108, S5.1.1, Tables III, IV (2008). It is apparent from the video of Kalia's stop that Kalia was not driving a vehicle that is 80 inches or more in width. Although Ford has manufactured an SUV with a width of 80 inches or more — the 2000 Ford Excursion — the video reflects that Kalia was not driving an Excursion at the time of his stop. *See* http://www.edmunds.com/used/2000/ford/excursion/8289/specs.html (noting the 2000 Ford Excursion is 80 inches in width). We note the widest SUV currently manufactured by Ford is the Ford Expedition, with a vehicle width of 78.8 inches. *See* http://www.edmunds.com/new/2008/ford/expeditionel/100890451/specs.html (noting the 2008 Ford Expedition EL is 78.8 inches in width); http://www.edmunds.com/new/2008/ford/expedition/100888841/specs.html (noting the 2008 Ford Expedition is 78.8 inches in width).

*Castilleja*, 2006 WL 2546327 at \*1; *Tex. Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, not pet.).

Kalia's operation of his vehicle without a properly operating driver's side stoplamp provided Officer Stacy with a reasonable basis to believe that Kalia had committed a violation of the law. *See* TEX. TRANSP. CODE ANN. § 547.3215. Because Officer Stacy had a reasonable basis for suspecting that Kalia committed a traffic offense, we hold the record provides more than a scintilla of evidence to support the ALJ's reasonable suspicion determination. Kalia's appellate complaints are therefore overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Justice