# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00679-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Nicole Skinner, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-07-005218, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal concerns whether a vehicle crossing the line separating the right lane of a highway from the improved shoulder may provide reasonable suspicion for a traffic stop. The administrative law judge found that, under the circumstances of this case, it did. The administrative law judge then authorized the Texas Department of Public Safety to suspend Nicole Skinner's driving privileges based on her arrest for driving while intoxicated and refusal to provide a specimen of her breath or blood as a result of the stop. The trial court reversed the administrative decision. We conclude that, given the undisputed evidence that Skinner drove her vehicle at least partly on the improved shoulder of the road, and that such driving was not for one of the lawful purposes provided for by statute, Skinner committed a violation of section 545.058 of the transportation code. This traffic violation provided reasonable suspicion to stop Skinner. We reverse the trial court's judgment and render judgment reinstating the administrative decision.

On October 12, 2006, at some time after 2:00 a.m., Officer Tomas Montez of the Austin Police Department was traveling northbound on Highway 183, a three-lane divided highway. Skinner was also traveling northbound, driving in the far right lane. Montez saw Skinner's vehicle leave its lane—such that its right tires crossed over the white line separating the far right lane from the right shoulder of the highway (the "fog line")—and then return. After seeing this, Montez initiated a traffic stop. During the traffic stop, Montez observed that Skinner showed signs of intoxication. Montez asked Skinner to exit the vehicle and administered field sobriety tests. Based on Montez's observations, Skinner's admitting to having consumed three or four beers, and the results of the field sobriety tests, Montez arrested Skinner for driving while intoxicated. Skinner refused to submit a specimen of her breath or blood. Because Skinner refused to submit to the taking of a specimen, the Department sought to suspend her driver's license for 180 days. *See* Tex. Transp. Code Ann. § 724.035(a) (West Supp. 2008).

At Skinner's request, an administrative hearing was held on May 2, 2007, regarding the license suspension. *See id.* § 724.041 (West Supp. 2008). At the hearing, the Department introduced Montez's sworn report, and Montez also testified at the hearing. Skinner did not offer any evidence. The administrative law judge found that Skinner "straddled the outside lane and the shoulder and crossed over the solid white line," and concluded that reasonable suspicion to stop Skinner existed and, as a result, the Department was authorized to suspend Skinner's license. Skinner sought judicial review of the administrative decision, alleging that reasonable suspicion to initiate a traffic stop did not exist. The trial court reversed the administrative decision and denied the suspension of Skinner's license.

2

The Department appeals the trial court's reversal of the administrative law judge's order. The Department contends that the police officer was justified in stopping Skinner based on the reasonable suspicion that Skinner violated the law by driving on an improved shoulder. *See id.* § 545.058(a) (West 1999).

Pursuant to the Administrative Procedure Act, a reviewing court tests the agency's findings, inferences, conclusions, and decisions to determine whether they are reasonably supported by substantial evidence considering the evidence in the record as a whole. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008); *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). When, as here, the facts are undisputed, we review de novo whether they are sufficient to give rise to reasonable suspicion. *See Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The issue for the reviewing court is not whether the administrative law judge's decision was correct but only whether the record demonstrates some reasonable basis for the decision. *Mireles*, 9 S.W.3d at 131.

Reasonable suspicion exists if the officer can articulate specific facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Officer Montez observed the right tires of Skinner's car cross over the "fog line" and drive onto the improved shoulder on the right side of the roadway. Section 545.058(a) of the transportation code permits this action only in certain circumstances:

> An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

3

(1)     to stop, stand, or park;
(2)     to accelerate before entering the main traveled lane of traffic;
(3)     to decelerate before making a right turn;
(4)     to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
(5)     to allow another vehicle traveling faster to pass;
(6)     as permitted or required by an official traffic-control device; or
(7)     to avoid a collision.

Tex. Transp. Code Ann. § 545.058(a).  The statute requires that any driving on the improved shoulder be both safe and necessary for one of the reasons listed.  *See id.*  Regardless of whether Skinner's driving on the improved shoulder was done "safely," there is no evidence that it was necessary for any of the seven reasons for which driving on the shoulder is lawful under section 545.058(a).  Thus, without some evidence or proof that she drove on the improved shoulder for one of the permissible reasons, Skinner committed a traffic violation.  Reasonable suspicion existed the moment Skinner, in plain view of a police officer, drove on the improved shoulder in a manner in which the officer could have reasonably concluded that none of the seven reasons for lawfully doing so applied.[1]

Skinner argues that a single instance of a vehicle's right tires crossing onto the right shoulder does not constitute "driving" for purposes of section 545.058(a).  Skinner contends that both the statute's requirement that any driving on the right shoulder "be done safely" and the

---

[1] Officer Montez testified that Skinner "failed to maintain a single lane," which appears to relate to a violation of transportation code section 545.060.  *See* Tex. Transp. Code Ann. § 545.060(a) (West 1999).  However, an objectively valid stop may be upheld regardless of the subjective intent of the officer conducting the stop.  *Tanner v. State*, 228 S.W.3d 852, 855 (Tex. App.—Austin 2007, no pet.).  Having determined that reasonable suspicion existed concerning a violation of section 545.058(a), we need not address any potential violation of section 545.060.

statute's seven reasons for which such driving is permitted if necessary demonstrate that a vehicle must be substantially on the shoulder in order to actually be "driving" on the shoulder. Skinner's argument is not supported by the statute's plain language. Section 545.058(a) of the transportation code expressly applies to an operator who *drives* on the shoulder. The statute does not qualify the term "drive" with "substantially," "for an appreciable distance," or any other qualifier that would suggest that the term "drive" contemplates something more than driving on the shoulder momentarily or briefly. While the inclusion of the word "safely" in the statute creates a required statutory element, we see no reason why it would change the meaning of the term "drive." Moreover, it is conceivable that a lawful reason for which it is necessary and safe to drive on the right shoulder—avoiding a collision, for example—could require only that the vehicle's right tires briefly cross the solid right line. We also note the increased difficulty that would result for drivers who are lawfully using the right shoulder under section 545.058(a) to do so safely if other vehicles could legally cross over the solid line—regardless whether they did so safely—as long as they were not "substantially" on the shoulder. Finally, we note that no other court of appeals, in applying transportation code section 545.058(a), has identified a situation in which a vehicle's right tires crossed onto the right shoulder and yet the vehicle was not "driving" on the shoulder.[2]

---

[2] *See, e.g., Lenox v. State*, No. 10-05-00249-CR, 2006 Tex. App. LEXIS 4526 (Tex. App.—Waco May 24, 2006, no pet.) (mem. op., not designated for publication) (vehicle crossed the solid white line and struck the "rumble strips"); *State v. Wise*, No. 04-04-00695-CR, 2005 Tex. App. LEXIS 10796 (Tex. App.—San Antonio Oct. 26, 2005, no pet.) (mem. op., not designated for publication) (both right tires crossed over the white line); *State v. Lockhart*, No. 07-04-00304-CR, 2005 Tex. App. LEXIS 6159 (Tex. App.—Amarillo Aug. 2, 2005, no pet.) (mem. op., not designated for publication) (right tires crossed solid white stripe "enough to see blacktop in between the tire and the white stripe"); *Tyler v. State*, 161 S.W.3d 745, 749-50 (Tex. App.—Fort Worth 2005, no pet.) (truck partially crossed solid white line and straddled it for a few moments); *Martinez v. State*, 29 S.W.3d 609, 610, 612 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (right tires on the freeway shoulder for one or two seconds).

Consequently, we disagree with Skinner's proposed construction of section 545.058(a) of the transportation code.

We reverse the judgment of the trial court and render judgment reinstating the May 2, 2007 administrative decision sustaining the 180-day suspension of Skinner's driving privileges.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Reversed and Rendered

Filed:   February 12, 2009

6