# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### ON REMAND

### NO. 03-10-00003-CV

**Luke Thomas Kaspar, Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 09-1269-CC1, HONORABLE SUZANNE BROOKS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Luke Thomas Kaspar appeals the trial court's order affirming the administrative law judge's decision sustaining the suspension of his driver's license. This Court previously reversed the trial court's order affirming the ALJ's suspension of Kaspar's license and rendered judgment vacating the suspension. The Texas Supreme Court has since reversed the case on which this Court based its decision,[1] reversed this Court's judgment in this case, and remanded this cause for further consideration in light of those opinions.[2] On remand, we affirm the trial court's judgment affirming the ALJ's suspension of Kaspar's license.

---

[1] *Texas Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558 (Tex. 2012).

[2] *Texas Dep't of Pub. Safety v. Kaspar*, No. 10-0983 (Tex. June 8, 2012).

The Peace Officer's Sworn Report and the test results were the only evidence offered and admitted in the administrative hearing. On original submission, this Court determined that the Peace Officer's Sworn Report was improperly admitted and that the remaining evidence was insufficient to support the suspension of Kaspar's license. The Texas Supreme Court held, however, that the report was properly admitted and remanded for consideration of the remainder of Kaspar's issues: (1) whether the ALJ erred by admitting the breath-test technical supervisor's affidavit and the breath test slip into evidence, and (2) whether substantial properly admitted evidence supported the suspension. We will examine the sufficiency of the evidence.

Texas law requires that the Department of Public Safety "shall suspend the person's driver's license if the department determines that: (1) the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a motor vehicle in a public place . . . ." Tex. Transp. Code Ann. § 524.012 (West Supp. 2012); *see also id.* § 524.035. The specified alcohol concentration is 0.08. Tex. Penal Code Ann. § 49.01(2)(B) (West 2011). We review the department's decision under the substantial-evidence standard. *Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (citing *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999)); *see* Tex. Gov't Code Ann. § 2001.174 (West 2008). Whether substantial evidence supports the ALJ's order is a question of law. *Alford*, 209 S.W.3d at 103. The dispositive issue for the reviewing court is not whether the ALJ's order was correct, but whether the record demonstrates some reasonable basis for the agency's action. *Mireles*, 9 S.W.3d at 131. A court conducting a substantial evidence review of a contested case must presume that the agency decision is valid and that substantial evidence supports it. *See Collingsworth Gen. Hosp.*

2

*v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). We must affirm the ALJ's decision if more than a scintilla of evidence supports it, and we may affirm the ALJ's decision "even if the evidence preponderates against it." *See Mireles*, 9 S.W.3d at 131.

In the Peace Officer's Sworn Report, Williamson County Sheriff's Deputy Josh Smith states that he stopped Kaspar for failure to stop at a designated point and for stopping in a roadway. Smith reports that Kaspar had an extreme odor of alcohol, exhibited classic signs of intoxication, and stated with tears in his eyes, "I am sorry, I should not be driving." Kaspar reported that he had drunk seven 12-ounce Bud Lite beers between 10 p.m. and shortly before the arrest. Kaspar exhibited more signs of intoxication on the horizontal gaze nystagmus, walk and turn, and one-leg stand tests. On the breath tests, Kaspar tested 0.188, and 0.199, well above the .08 threshold for intoxication.

We conclude that the properly admitted Peace Officer's Sworn Report provides substantial evidence to support the decision to suspend Kaspar's license. We need not consider whether the ALJ erred in admitting the breath-test technical supervisor's affidavit and the breath test slip into evidence because its admission or nonadmission would not alter our conclusion. *See* Tex. R. App. P. 47.1. We affirm the trial court's judgment affirming the ALJ's decision.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed on Remand

Filed:  August 10, 2012