**Opinion filed November 15, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00380-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## LUCAS LANE, Appellee

**On Appeal from the County Court at Law No. 2**
**Taylor County, Texas**
**Trial Court Cause No. 5012**

### M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety appeals from the county court's judgment restoring Lucas Lane's driving privileges. In its judgment, the county court reversed an administrative law judge's decision that authorized the Department to suspend Lane's driver's license based upon his refusal to submit a breath specimen after he was arrested for driving while intoxicated. *See* TEX. TRANSP. CODE ANN. ch. 724 (West 2011 & Supp. 2012). The county court found that the administrative law judge's decision was not supported by substantial evidence because the evidence "failed to set forth facts sufficient to believe that the traffic offense of following to[o] closely had occurred." We reverse and render.

In its sole issue on appeal, the Department argues that the county court erred in holding that the administrative decision was not supported by substantial evidence and that there was no

reasonable suspicion to stop Lane. *See* TEX. GOV'T CODE ANN. § 2001.174(2) (West 2008) (scope of judicial review under the substantial evidence rule). The Department contends that the administrative law judge correctly held that the officer had reasonable suspicion to stop Lane for the traffic offense of driving too closely.

When reviewing an administrative license suspension decision, courts use a substantial evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency. *Id.* The issue before the reviewing court is not whether the agency's decision is correct but, rather, whether the record demonstrates some reasonable basis for the agency's action. *Id.* The reviewing court must affirm administrative findings in a contested case if there is more than a scintilla of evidence to support them—even if the evidence preponderates against such findings. *Id.* Whether substantial evidence exists to support an administrative law judge's order is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006).

The administrative law judge found that Officer Damien Hutchinson, of the Abilene Police Department, had reasonable suspicion to stop Lane after observing Lane operate a silver Dodge Ram on Clack Street, a public roadway, while following too closely behind another vehicle. Officer Hutchinson's incident report was admitted into evidence at the administrative hearing. In his report, Officer Hutchinson indicated that Lane's pickup "was within two car lengths of the vehicle in front of him and then would catch up to the vehicle and was well within one car length." Officer Hutchinson also stated, "Then as the vehicle was turning[,] the driver of the pickup got very close to the vehicle[,] well within five to ten feet of it as it turned." The officer then initiated a traffic stop of Lane for the offense of following too closely. *See* TEX. TRANSP. CODE ANN. § 545.062(a) (West 2011). Section 545.062(a) provides:

> An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

Lane asserts that Officer Hutchinson failed to articulate specific facts upon which the administrative law judge could have found that the officer had a reasonable suspicion to stop Lane for a traffic offense. To support his contention, Lane relies upon the case of *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005), which stemmed from the denial of a motion to suppress

in a criminal case. The county court also expressly relied upon the ruling in *Ford* when it determined that the Department "failed to set forth facts sufficient to believe that the traffic offense of following to[o] closely had occurred."

In *Ford*, the Court of Criminal Appeals stated the well-recognized principle that reasonable suspicion exists if an officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. 158 S.W.3d at 492. The *Ford* court held that an officer's testimony that the defendant was "following too close" constituted an opinion, was conclusive in nature, and did not constitute "specific, articulable facts" sufficient to provide a basis for finding reasonable suspicion. *Id.* at 493. We find the present case to be distinguishable from *Ford*.

The evidence in the present case includes more than a mere conclusion that Lane was following too closely. Officer Hutchinson stated some of the facts upon which he relied to form his opinion that Lane was following too closely. Officer Hutchinson specifically stated that Lane's pickup was within one car length of the vehicle in front of Lane and that, when the vehicle in front of Lane turned, Lane's pickup was within five to ten feet of that vehicle. Based upon the facts stated in Officer Hutchinson's report, the administrative law judge could reasonably have determined that the officer had reasonable suspicion to stop Lane. That decision is supported by substantial evidence. We hold that the record demonstrates a reasonable basis for the agency's action and that the county court erred in holding otherwise. The Department's sole issue is sustained.

We reverse the judgment of the county court, and we render judgment in favor of the Department, reinstating the decision of the administrative law judge.

JIM R. WRIGHT
CHIEF JUSTICE

November 15, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[1]

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

3