# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00733-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Paul Flanagan, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
## NO. 17847, HONORABLE JAMES F. CLAWSON, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety (DPS) appeals an order of the district court reinstating the driver's license of Paul Flanagan (Flanagan). Flanagan was arrested for driving while intoxicated, and his driver's license was suspended for 180 days for refusing to submit a specimen of his breath. *See* Tex. Transp. Code § 724.035(a)(1). After an administrative hearing, an administrative law judge (ALJ) entered an order affirming the suspension of Flanagan's license. Flanagan appealed the ALJ's decision to the district court, which reversed the ALJ's order. We reverse the court's order and render judgment affirming the ALJ's decision authorizing the suspension of Flanagan's driver's license.

## BACKGROUND

On August 7, 2011, Trooper Frank Randolph was patrolling State Highway 29 in Llano County when he saw a vehicle being driven with what he described in his peace officer's

sworn report (DIC-23) as "defective license plate lights (they did not light up the plate)." He also noted in his report that "[the] license plate light bulbs were visible to the rear of the vehicle, shining white light to the rear." Trooper Randolph stopped the vehicle for the traffic violation and made contact with the driver, who identified himself as Paul Flanagan. The trooper stated in his report that, during the stop, Flanagan displayed several indicators of intoxication and admitted to drinking "two or three beers." Trooper Randolph administered field sobriety tests, the results of which indicated that Flanagan was intoxicated. The trooper arrested Flanagan, gave him the statutory warnings, and asked him to provide a specimen of his breath. Flanagan refused. DPS subsequently suspended Flanagan's driver's license for 180 days, based on his refusal to provide a specimen of his breath. *Id.*

Flanagan requested an administrative hearing to contest the suspension of his license. At the hearing, DPS offered Trooper Randolph's sworn report, which was admitted without objection. Flanagan neither called any witnesses nor testified in his own defense. The ALJ found there was reasonable suspicion for the stop because, "[at] about 2:12 a.m., a [DPS] peace officer observed [Flanagan] driving a motor vehicle without a light illuminating the rear license plate on a public roadway in Llano County, Texas." Finding that Trooper Randolph had reasonable suspicion to stop the vehicle and detain Flanagan and probable cause to arrest Flanagan for operating a motor vehicle in a public place while intoxicated, the ALJ sustained DPS's suspension of Flanagan's driver's license for refusal to provide a specimen of his breath. *See id.* §§ 524.012(b)(1); 724.035(a)(1).

2

Flanagan appealed the ALJ's decision to the county court, which transferred the case to the district court. *See id.* § 524.041(b). He argued to the district court that Trooper Randolph had no reasonable suspicion to justify the initial stop of the vehicle being driven by Flanagan. The court agreed and reversed the ALJ's decision. DPS now appeals, alleging the evidence is sufficient to support the ALJ's finding that Trooper Randolph had reasonable suspicion to stop the vehicle.

## STANDARD OF REVIEW

Courts review administrative license suspension decisions under the substantial evidence standard. *Mireles v. Department of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* Tex. Transp. Code § 524.041; Tex. Gov't Code § 2001.174; *Texas Dep't of Pub. Safety v. Pucek*, 22 S.W.3d 63, 66 (Tex. App.—Corpus Christi 2000, no pet.) (because Transportation Code chapter 524 does not provide scope of review of administrative license suspension decisions, courts have applied substantial evidence standard). "A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency." *Mireles*, 9 S.W.3d at 131; *see* Tex. Gov't Code § 2001.174. The issue for the reviewing court is whether the record demonstrates some reasonable basis for the agency's action, not whether the agency's decision was correct. *Mireles*, 9 S.W.3d at 131. A reviewing court must affirm administrative findings in a contested case if there is more than a scintilla of evidence to support them. *Id.*

## DISCUSSION

Subsection 547.322(f) of the Texas Transportation Code requires "[a] taillamp or a separate lamp" to be "constructed and mounted to emit a white light that: (1) illuminates the rear

3

license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." Tex. Transp. Code § 547.322(f). Trooper Randolph's sworn report, admitted without objection at the administrative hearing, stated that Flanagan's vehicle was being driven with "defective license plate lights (*they did not light up the plate*)" (emphasis added). The trooper reasonably could have determined that Flanagan was committing a traffic offense by driving a vehicle whose taillamps failed to illuminate the rear license plate. Concluding that substantial evidence (at least more than a scintilla) supports the ALJ's finding that Trooper Randolph had reasonable suspicion to stop the vehicle being driven by Flanagan, we sustain DPS's single issue on appeal.

## CONCLUSION

Having sustained DPS's only issue, we reverse the order of the district court and render judgment affirming the ALJ's decision authorizing the suspension of Flanagan's driver's license.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Reversed and Rendered

Filed: February 14, 2014

4