

# NUMBER 13-16-00015-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                                  Appellant,

v.

VICTORIA MARTINEZ GUERRA,                                                        Appellee.

On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

This appeal concerns the administrative suspension of appellee Victoria Martinez Guerra's driver's license. By one issue, appellant Texas Department of Public Safety ("DPS") asserts that the trial court erred when it reversed the administrative suspension based on Guerra's claim that there was no probable cause to support her arrest for driving

while intoxicated.    We reverse and render.

## I.    BACKGROUND

The record in this case shows the following: McAllen police arrested Guerra for suspicion of driving while intoxicated, *see* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2015 R.S.), following an investigation regarding a hit-and-run at the intersection of North Main Street and Hackberry.

On April 26, 2015, McAllen Police Officer Myranda Trevino responded to the scene of a car crash in which one of the drivers, later identified as Guerra, allegedly fled the scene.    Officer Trevino identified Guerra as the suspected fleeing driver because the crash caused the front license plate of her vehicle to rip off and remain at the scene. Upon making contact with Guerra, Guerra told Officer Trevino that she realized that she had been involved in an accident, but continued to drive in order to get off of the roadway. Officer Trevino noted in her report that when speaking with Guerra, she detected an odor of alcohol from Guerra's breath and observed that Guerra's speech was slurred.    Guerra told Officer Trevino that she had recently left a restaurant where she had consumed alcohol.

Officer Trevino then asked Guerra to exit her vehicle because she had suspected Guerra of driving while intoxicated.    After Guerra exited her vehicle, Officer Trevino performed a series of field sobriety tests; however, according to Officer Trevino's report, Officer Trevino terminated the tests because Guerra was uncooperative and began to cry.    Officer Trevino then placed Guerra under arrest for suspicion of driving while intoxicated and transported her to the McAllen city jail.    Once at the jail, police requested a breath specimen from Guerra, which she refused to provide.

As a result of her refusal to provide a breath sample, DPS suspended Guerra's driver's license for 180 days. *See* TEX. TRANSP. CODE ANN. § 724.035(a) (West, Westlaw through 2015 R.S.). Following this suspension, Guerra requested that a hearing be held before the State Office of Administrative Hearings ("SOAH") regarding her driver's license suspension. *See id.* § 724.041 (West, Westlaw through 2015 R.S.).

On July 28, 2015, SOAH held a hearing regarding Guerra's driver's license suspension, and on July 29, 2015, SOAH issued the following administrative decision authorizing DPS to suspend Guerra's driver's license:

**FINDINGS OF FACT**

1) On April 26, 2015, reasonable suspicion to stop or detain [Guerra] existed. On that date, [Guerra] admitted to a Texas peace officer that [Guerra] had a collision while operating a motor vehicle in a Texas public place within the officer's jurisdiction. The officer also observed one of [Guerra's] license plates had come off during the collision and was found at the scene of the crash.

2) On the same date, probable cause to arrest [Guerra] existed, in that probable cause existed to believe the [Guerra] was operating a motor vehicle in a public place while intoxicated. In addition to the facts in No. 1: a Texas peace officer noticed a strong odor of intoxicants on [Guerra's] breath. [Guerra] had slurred speech and admitted drinking two or three drinks. The officer gave [Guerra] the Horizontal Gaze Nystagmus Test and observed 6 of 6 clues indicating intoxication. [Guerra] refused the Walk and Turn and One Leg Stand Tests.

3) [Guerra] was placed under arrest and was properly asked to submit a specimen of breath or blood.

4) After being requested to submit a specimen of breath or blood, [Guerra] refused.

**CONCLUSIONS OF LAW**

Based on the foregoing, the Judge concludes the Department proved the issues set out in [Texas Transportation Code Section 724.042] and that [Guerra's] license is subject to a suspension for 180 days pursuant to

3

[Texas Transportation Code Section 724.035].

In accordance with the above findings and conclusions, the Judge hereby enters the following order:

The Department is authorized to suspend or deny [Guerra's] driving privileges for the period indicated above.

Following SOAH's ruling, Guerra appealed the suspension to Hidalgo County Court at Law Number 5 ("the trial court"). *See id.* § 524.041 (West, Westlaw through 2015 R.S.). After holding a short hearing, in which Guerra solely challenged SOAH's probable cause finding, the trial court took the appeal under advisement and later issued a ruling that a review of SOAH's record demonstrated "no reasonable basis" for its decision "in the interest of justice." This appeal followed.[1]

## II. ADMINISTRATIVE DRIVER'S LICENSE SUSPENSION REVIEW

By one issue, DPS asserts that the trial court erred by reversing the administrative suspension of Guerra's driver's license based on Guerra's claim that there was no probable cause for her arrest.

### A. Standard of Review and Applicable Law

We review administrative license suspension decisions under the substantial evidence standard. *Mireles v. Tex. Dept. of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). When utilizing this standard, we may not substitute our judgment for that of the agency. *Id.* (citing TEX. GOV'T CODE ANN. § 2001.174 (West, Westlaw through 2015 R.S.)). The issue for the reviewing court is not whether the administrative decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action.

---

[1] Appellee did not file a brief to assist us in this appeal.

4

*Id.* Therefore, we affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.* In fact, an administrative decision may be sustained even if the evidence preponderates against it. *Id.*

In a contested administrative license suspension case, the administrative law judge must affirmatively find that:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

(A) operating a motor vehicle in a public place while intoxicated [. . . .]

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

TEX. TRANSP. CODE ANN. § 724.042 (West, Westlaw through 2015 R.S.).

## B.    Discussion

We agree with DPS that the only issue presented for review to the trial court was whether sufficient evidence existed to sustain SOAH's finding that Officer Trevino possessed probable cause to believe that Guerra was operating a motor vehicle in a public place while intoxicated. We likewise agree with DPS that substantial evidence existed to support SOAH's finding on this issue.

The record shows that Officer Trevino was dispatched to North Main and Hackberry in McAllen following the report of a hit-and-run accident. Officer Trevino made contact with the complainant, who advised Officer Trevino that the vehicle that hit his vehicle had left her front license plate. Officer Trevino later located the vehicle that hit the complainant's vehicle, driven by Guerra, by matching the found license plate with

5

the attached rear license plate.   Upon approaching Guerra's vehicle and speaking with Guerra, Officer Trevino noted that she detected the odor of alcohol emanating from Guerra's breath and also that Guerra's speech was slurred. Furthermore, Guerra admitted to Officer Trevino that she had consumed alcohol prior to the collision.

"Probable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found . . . ."   *Foley v. State*, 327 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2010, pet. ref'd) (quoting *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007)).   Based on this standard and the preceding facts articulated by Officer Trevino, we hold that more than a scintilla existed to support SOAH's affirmative finding that probable cause existed to believe that Guerra was operating a motor vehicle in a place while intoxicated.   *See* TEX. TRANSP. CODE ANN. § 724.042; *see also Mireles*, 9 S.W.3d at 131.   Accordingly, the trial court erred by concluding that "no reasonable basis" supported SOAH's findings.   We sustain DPS's sole issue on appeal.

### III.   CONCLUSION

We reverse the trial court's order and render judgment affirming SOAH's July 29, 2015 administrative decision.

GINA M. BENAVIDES,
Justice

Delivered and filed the
21st day of July, 2016.