Kyle Walker **WRIGHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–97–00231–CR.

Court of Appeals of Texas, Austin.

May 18, 2000.

David H. Reynolds, Austin, for appellant.

David Glickler, Asst. County Atty., Asst. County Atty., Georgetown, for State.

Before Justices KIDD, SMITH and DALLY.*

CARL E.F. DALLY, Justice (Retired).

Appellant Kyle Walker Wright appealed from his conviction for possessing less than two ounces of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West Supp.2000). We reversed the trial court's judgment. *See Wright v. State*, 959 S.W.2d 355, 358 (Tex.App.—Austin 1998). We held that the marihuana was unlawfully obtained in violation of appellant's Fourth Amendment rights and that the trial court erred in failing to suppress the evidence used to convict appellant. *See id.*

The State's petition for discretionary review was granted. With three judges dissenting, our judgment was vacated, and the cause was remanded to us with instructions to proceed consistent with the Court of Criminal Appeals' majority opinion. *See Wright v. State*, 7 S.W.3d 148, 152 (Tex.Crim.App.1999). That court "recognize[d] the existence of the community caretaking function [of law enforcement officers] in Texas" and held that "[a]s part of his duty to 'serve and protect,' a police officer may stop and assist an individual whom a reasonable person—given the totality of the circumstances—would believe is in need of help." *Id.* at 151. However,

the majority of the court emphasized that the doctrine recognized should be applied narrowly. *See id.* at 152.

The facts adduced on the motion to suppress are not in dispute: Williamson County Deputy Sheriff Jack Tomlinson, the arresting officer, was the only witness who testified. Deputy Tomlinson testified that he was in a training program preparing to go on patrol duty and that he and other officers were parked along the side of Highway 620. At about 4:00 a.m., a car passed; in the right rear seat was a passenger—identified in court as appellant—leaning out of the open car window. Appellant was vomiting on the side of the car. The officers stopped the car which was occupied by the driver, appellant, and another passenger. There was no testimony that the car was being driven recklessly or in any way unlawfully. When Deputy Tomlinson came within two or three feet of the car, he smelled odors he associated with alcoholic beverages and marihuana. In plain view on the console between the front seats, Deputy Tomlinson saw a partially burned marihuana cigarette.

Deputy Tomlinson articulated his reasons for stopping the car in which appellant was a passenger: "Basically to check and be sure he wasn't being assaulted or if he needed medical help.... They could have had a blowout, lost control. He could have been smashed into a pole or something like that. The car could have gone off into a ditch, rolled over on top of him, broke his back." The appellant was not the driver of the car. The car was not being driven in a reckless or unlawful manner. No traffic violations were observed.

█ On original submission, the historical facts being undisputed, we applied the *Ornelas–Guzman de novo* standard of review to determine whether the arresting officer acted reasonably. *See Wright*, 959 S.W.2d at 357. It is our understanding

---

*See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

that the *de novo* review standard of *Ornelas–Guzman* still applies. *See Ornelas v. United States,* 517 U.S. 690, 699–700, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *Guzman v. State,* 955 S.W.2d 85, 87–88 (Tex. Crim.App.1997).

█ The issue as framed by the Court of Criminal Appeals is whether "Deputy Tomlinson acted reasonably when he stopped the vehicle out of concern for the welfare of appellant when he observed him leaning out of the rear window and vomiting at 4:00 a.m." *Wright,* 7 S.W.3d at 151. In determining whether a police officer acted reasonably in stopping an individual to determine if he needs assistance, the majority of the Court of Criminal Appeals has designated the following factors as being relevant to such a determination:

(1) the nature and level of the distress exhibited by the individual;

(2) the location of the individual;

(3) whether or not the individual was alone and/or had access to assistance independent of that offered by the officer; and

(4) to what extent the individual—if not assisted—presented a danger to himself or others.

*Id.* at 151–52.

█ Appellant was a passenger in the rear seat of a car that was being driven in a lawful manner on a public highway. Appellant appeared to be having some gastric distress, but in addition to the driver, the other passenger in the car could have aided and assisted appellant. Nothing indicated that appellant's condition was any more serious than an upset stomach. None of the car's occupants indicated that they were in need of additional help. Nothing indicated that the deputy sheriff's assistance was necessary or that his help would add to the comfort or welfare of appellant. Nothing supported a *reasonable* belief that appellant was a danger to himself or to others. Having applied the factors designated by the court, we remain convinced that the officer's stop and detention of appellant violated appellant's Fourth Amendment rights.

█ Although Deputy Tomlinson articulated concerns about appellant's safety, the concerns expressed were unsupported by articulated, reasonable facts. The reasons for the stop given by the officer were unreasonably speculative and appear to be no more than an attempt through hindsight to justify the stopping and detaining of appellant. The totality of the circumstances did not justify official intrusion upon appellant's constitutional right to be secure in his person. The stop and detention of appellant was simply an unreasonable exercise of authority by the officer in violation of appellant's constitutional rights. *See* U.S. Const. amend. IV, XIV. The plain view sighting and the seizure of the marihuana was the fruit of an unlawful stop. The trial court abused its discretion in refusing to grant appellant's motion to suppress. The judgment of conviction is reversed, and the cause is remanded to the trial court.