Opinion filed August 16,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00298-CV 

                                                    __________

 

             TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellant

 

                                                             V.

 

                          CAITLIN
ELIZABETH ADKINS, Appellee



 

                                  On
Appeal from the County Court at Law 

 

                                                           Bosque
County, Texas

 

                                                       Trial
Court Cause No. 4245 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
Texas Department of Public Safety appeals from the trial court’s order
affirming an administrative law judge’s decision denying the Department’s
petition to suspend Caitlin Elizabeth Adkins’s driver’s license.  We affirm.

Factual
and Procedural Background

            The
Department issued a notice of suspension of Adkins’s driver’s license after Trooper
Steven Schwartz arrested her for driving under the influence of alcohol by a
minor.  Adkins requested an administrative hearing to challenge the suspension,
and pursuant to her request, an administrative law judge with the State Office
of Administrative Hearings held a hearing.

              Trooper
Schwartz did not testify at the administrative hearing.  The Department
introduced into evidence Trooper Schwartz’s sworn report relating to an
incident that occurred on December 31, 2008.  The sworn report was a
preprinted, fill-in-the-blank form, which was referred to as a DIC-23.  At the
beginning of the report, Trooper Schwartz certified that the information
contained in the report was true and correct.  Next, Trooper Schwartz stated
that “[h]e had probable cause to believe and [did] believe that [Adkins] was
driving or in actual physical control of a motor vehicle in a public place . .
. in this state while intoxicated or under the influence of alcohol.  Facts in
support of this belief are:”  This preliminary statement in the report was
followed by several sections, including a section called “[r]easonable
suspicion to stop or make contact” and a section called “[p]robable cause for
arrest or detention.”  In the first section of the report, Trooper Schwartz
stated that, on December 31, 2008, at 11:45 p.m., he observed a vehicle on FM
1238 in Bosque County.  In the section of the report called “[r]easonable suspicion
to stop or make contact,” Trooper Schwartz stated as follows: 

Vehicle was stopped partially
on the roadway with people standing next to the passenger side door.  I stopped
to attempt to assist the occupants with whatever difficulty they were having. 
Adkins was seat belted into the front driver’s seat.  The vehicle was running.

 

In the next section
of the report, Trooper Schwartz stated that Adkins was identified to him as the
driver of the vehicle.  In the section of the report called “[p]robable cause
for arrest or detention,” Trooper Schwartz stated as follows:

            a:
Signs of intoxication or consumption of alcohol: 

 Adkins presented
with bloodshot watery eyes and the odor of an alcoholic beverage.

                                                                  

b: Sobriety tasks
requested, if any, and performance obtained (explain):

HGN: lack of smooth
pursuit in both the left and right eye.  

PBT: positive result
for the presence of alcohol coming from Adkins’s breath (0.04).

 

In the next
section of the report, Trooper Schwartz indicated that Adkins was a minor and
that he did not request her to provide a blood specimen.

            Following the hearing, the
administrative law judge issued a decision denying the Department’s suspension
of Adkins’s driver’s license.  The judge included the following findings of
fact in his decision:       

1. 
On December 31, 2008, [Adkins] was under 21 years of age.

2.  On that same
date, reasonable suspicion to make contact with [Adkins] did not exist. 
Trooper Schwartz stated that he observed a [vehicle] parked partially on the
roadway with people standing next to the passenger side door.  According to his
report, Trooper Schwartz made contact with [Adkins] to assist the occupants of
the vehicle with whatever difficulty they were having.  Trooper Schwartz failed
to set forth any factors in his report that led him to believe that anyone was
having difficulties.  He did not allege that his contact was based on a
suspicion of criminal conduct or anything other than community caretaking to
determine [if] someone was having difficulties.  However, he failed to
articulate a basis for making community caretaking contact with [Adkins]. 
Thus, there was not reasonable suspicion to make contact with [Adkins].  See
Wright v. State, 18 S.W.3d 245 (Tex. App. – Austin 2000).

 

Based on his
findings of fact, the administrative law judge concluded that “the evidence . .
. was insufficient to establish all the issues/elements set out in TEX. TRANSP.
CODE ANN. § 524.035 by a preponderance of the evidence.”  Therefore, the
judge denied the Department’s petition to suspend Adkins’s license.

            The
Department appealed the administrative law judge’s decision to the trial court.
 On March 17, 2010, the trial court heard the appeal.  During the hearing, the
Department contended that the initial contact between Trooper Schwartz and
Adkins was a consensual encounter and that, therefore, the administrative law
judge erred by finding that the contact resulted from a community caretaking
stop.  Following the hearing, the trial court entered an order affirming the
decision of the administrative law judge.  In the order, the trial court stated
that “[t]he evidence submitted by the arresting officer and entered into
evidence at the hearing does not sufficiently satisfy the four standards for a
community caretaking stop or detention set forth in Wright v. State, 18
S.W.3d 245, 246 (Tex. App.—Austin 2000, pet. ref’d).”  The Department filed a
motion for new trial.  After a hearing, the trial court denied the motion.  The
Department now appeals the trial court’s order affirming the administrative law
judge’s decision to this court.

Issue
on Appeal

            In
its sole issue on appeal, the Department contends that the trial court erred by
affirming the administrative law judge’s decision because the initial
interaction between Trooper Schwartz and Adkins was a consensual encounter and
not a detention.

Standard
of Review

            When
reviewing an administrative license suspension decision, courts use a
substantial evidence standard of review.  Mireles v. Tex. Dep’t of Pub.
Safety, 9 S.W.3d 128, 131 (Tex. 1999).  A court applying the substantial
evidence standard of review may not substitute its judgment for that of the
agency.  Id.  The issue for the reviewing court is not whether the
agency’s decision is correct, but only whether the record demonstrates some reasonable
basis for the agency’s action.  Id.  Courts must affirm administrative
findings in contested cases if there is more than a scintilla of evidence to
support them.  Id.  An administrative decision may be sustained even if
the evidence preponderates against it.  Id.

            We
review the trial court’s decision de novo.  Tex. Dep’t of Pub. Safety v.
Gonzales, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.).  This
means that we independently assess the administrative law judge’s decision
under the substantial evidence standard of review.  Id.  Whether
substantial evidence exists to support an administrative law judge’s order is a
question of law.  Tex. Dep’t of Pub. Safety v. Alford, 209 S.W.3d 101,
103 (Tex. 2006).

            By
statute, the Department’s right to appeal from an administrative decision in a
license suspension case is limited to issues of law.  Tex. Transp. Code Ann. § 524.041(d) (West 2007).  In this
appeal, the Department contends that the administrative decision was affected
by an error of law.  See Tex. Gov’t
Code Ann. § 2001.174(2)(D) (West 2008).  Specifically, the Department
asserts that the administrative law judge erred by holding that the initial
interaction between Trooper Schwartz and Adkins was a community caretaking
stop.  We review questions of law de novo.  Tex. Dep’t of Pub. Safety v.
Jauregui, 176 S.W.3d 846, 848–49 (Tex. App.—Houston [1st Dist.]
2005, pet. denied).

Analysis

            In
an administrative license suspension hearing, the Department bears the burden
of proving by a preponderance of the evidence that “reasonable suspicion to
stop or probable cause to arrest the person existed.”  Tex. Transp. Code Ann. § 524.035(a)(2) (West Supp. 2012). 
The administrative law judge found that Trooper Schwartz lacked reasonable
suspicion to make contact with Adkins.  He also found that Trooper Schwartz
“did not allege that his contact was based on . . . anything other than
community caretaking to determine [if] someone was having difficulties” and
that Trooper Schwartz “failed to articulate a basis for making community
caretaking contact with [Adkins].”

            The
Department contends that Trooper Schwartz did not make a community caretaking
stop.  The purpose of the community caretaking exception to warrantless
seizures is to allow an officer to “seize” and assist an individual whom the
officer reasonably believes is in need of help.  Corbin v. State, 85
S.W.3d 272, 277 (Tex. Crim. App. 2002).  We note that, as found by the
administrative law judge, Trooper Schwartz did not articulate a factual basis
in his report that would have justified a community caretaking stop of Adkins. 
See Gonzales v. State, No. PD-0683-11, 2012 WL 2400763 (Tex. Crim. App. June
27, 2012).

            The
Department also contends that the initial interaction between Trooper Schwartz
and Adkins was a consensual encounter.  Not all encounters between the police
and citizens implicate the Fourth Amendment’s protection against unreasonable
seizures.  Florida v. Bostick, 501 U.S. 429, 434 (1991); State v.
Woodard, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011); State v.
Garcia-Cantu, 253 S.W.3d 236, 238 (Tex. Crim. App. 2008).  Unlike
investigative detentions and arrests, which are seizures for Fourth Amendment
purposes, an encounter is a consensual interaction that the citizen may
terminate at any time.  Woodard, 341 S.W.3d at 411; Johnson v. State,
912 S.W.2d 227, 235 (Tex. Crim. App. 1995).

            Law
enforcement officers are permitted to approach individuals without probable
cause or reasonable suspicion to ask questions or even to request a search.  Bostick,
501 U.S. at 434–35; Florida v. Royer, 460 U.S. 491, 497–98 (1983); State
v. Velasquez, 994 S.W.2d 676, 678 (Tex. Crim. App. 1999).  Such an
encounter does not require any justification on the officer’s part.  United
States v. Mendenhall, 446 U.S. 544, 553 (1980); Woodard, 341 S.W.3d
at 411.  So long as a reasonable person would feel free to disregard the
officer’s questions and go about his or her business, the encounter is
consensual and merits no further constitutional analysis.  Bostick, 501
U.S. at 434; Johnson, 912 S.W.2d at 235.  Only when the implication
arises that an officer’s display of authority cannot be ignored, avoided, or
ended does a Fourth Amendment seizure occur.  Garcia-Cantu, 253 S.W.3d
at 243; State v. Priddy, 321 S.W.3d 82, 87 (Tex. App.—Fort Worth 2010,
pet. ref’d).

            Whether
a police-citizen interaction is a consensual encounter is determined by the
totality of the circumstances; the appropriate inquiry is “whether a reasonable
person would feel free to decline the officers’ requests or otherwise terminate
the encounter.”  Bostick, 501 U.S. at 436; Priddy, 321 S.W.3d at 87. 
Courts consider the time, place, and surrounding circumstances of a police-citizen
interaction when determining whether the interaction was consensual.  Woodard,
341 S.W.3d at 411.  However, the officer’s conduct is the most important factor
when deciding whether the interaction was consensual or a Fourth Amendment
seizure.  Id. Circumstances indicating that a police-citizen encounter
is a seizure, rather than a consensual encounter, include the threatening
presence of several officers, the officer’s display of a weapon, physical
touching of the citizen by the officer, the officer’s words or tone of voice
indicating that compliance with the officer’s requests might be compelled,
flashing lights, or blocking of a suspect’s vehicle.  Priddy, 321 S.W.3d
at 87.

            The
fact that a citizen’s vehicle was already parked or stopped when the officer
arrived at the scene does not answer the inquiry of whether an interaction
between the officer and citizen constituted an encounter or a detention.  See
Garcia-Cantu, 253 S.W.3d at 245 n.43; Garza v. State, 771 S.W.2d 549,
556 (Tex. Crim. App. 1989); Martin v. State, 104 S.W.3d 298, 301 (Tex.
App.—El Paso 2003, no pet.).  In such cases, an officer’s use of his vehicle’s
flashing lights or emergency lights may amount to a display of authority that
is sufficient to trigger a detention.  Garcia-Cantu, 253 S.W.3d at 245
n.43 (“The use of ‘blue flashers’ or police emergency lights are frequently
held sufficient to constitute a detention or seizure of a citizen, either in a
parked or moving car.”).  On the other hand, an officer may activate his lights
for highway safety concerns and not as a display of authority.  Martin,
104 S.W.3d at 301.  A detention occurs “when a person is sitting in a parked
car and a police officer orders him to roll down the window or to open the
door.”  Ebarb v. State, 598 S.W.2d 842, 850 (Tex. Crim. App. [Panel Op.]
1979).  However, a detention does not occur if an officer merely approaches a parked
car and knocks on the window.  Merideth v. State, 603 S.W.2d 872, 873
(Tex. Crim. App. [Panel Op.] 1980); Martin, 104 S.W.3d at 301.

            In its
brief, the Department contends that, “[b]ased on the evidence in the record,
the initial interaction between Trooper Schwartz and Adkins was an encounter.” 
To support its contention, the Department relies on a lack of evidence that Trooper
Schwartz exercised a display of authority, such as by activating his overhead
lights.  The Department states that, “[b]ecause Adkins was already stopped on
the side of the road and because there is no evidence of a show of authority by
the trooper, it is reasonable to assume the interaction between Trooper Schwartz
and Adkins was an encounter.”

            The
Department’s contention ignores the fact that it had the burden of proving the
elements of its case by a preponderance of the evidence at the administrative
hearing.  Section 524.035.  Thus, the Department had the evidentiary burden
to prove that the initial interaction between Trooper Schwartz and Adkins was
an encounter.  Adkins did not have the evidentiary burden to establish that the
initial interaction was not an encounter.  The Department did not present any
evidence that Trooper Schwartz did not exercise a show of authority.  During
the administrative hearing, no evidence was presented on the issue of whether
or not Trooper Schwartz exercised a show of authority.  In the absence of
evidence on the issue, the Department could not satisfy its burden of proof.

            Applying
the substantial evidence standard of review, we cannot conclude that the administrative
law judge’s decision is not reasonably supported by the record before us.  The
evidence relating to the initial interaction between Trooper Schwartz and
Adkins was very limited.  It consisted of a few sentences in Trooper Schwartz’s
sworn report.  The evidence did not show whether or not Trooper Schwartz
activated his flashing lights or gave any orders or directions to Adkins.  The
record does not contain any evidence as to what Trooper Schwartz said to Adkins
or what she said to him.  Nor does the record contain any evidence as to the
tone of voice used by Trooper Schwartz.  Based on the evidence in the record,
we conclude that the administrative law judge did not err by failing to
conclude that the initial interaction between Trooper Schwartz and Adkins was
an encounter and that, therefore, the trial court did not err by affirming the
administrative law judge’s decision.  The Department’s issue is overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

                                                                              

                                                                                                TERRY
McCALL

August 16, 2012                                                                     JUSTICE

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.