**Opinion filed March 31, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00043-CV

_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## SETH AARON ARDOIN, Appellee

**On Appeal from the County Court at Law No. 2**
**Taylor County, Texas**
**Trial Court Cause No. 5899**

### O P I N I O N

The Texas Department of Public Safety appeals from the county court's judgment restoring Seth Aaron Ardoin's driving privileges. In its judgment, the county court reversed an administrative law judge's decision that authorized the Department to suspend Ardoin's driver's license based upon his refusal to submit a breath specimen after he was arrested for driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 724.035 (West 2011). The county court found that the

administrative law judge erroneously determined that reasonable suspicion supported the initial stop. In its sole issue, the Department asserts that the county court erred in holding that there was no reasonable suspicion to stop Ardoin. We reverse and render.

When reviewing an administrative suspension, courts use a substantial evidence standard of review. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency. *Id.* The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Id.* Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.* An administrative decision may be sustained even if the evidence preponderates against it. *Id.*

We review the trial court's decision de novo. *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 91 (Tex. App.—San Antonio 2008, no pet.). This means that we independently assess the administrative law judge's decision under the substantial evidence standard of review. *Id.* Whether substantial evidence exists to support an administrative law judge's order is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *See Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). The reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis in the record supporting the agency's action. *See id.*

In an administrative license-suspension hearing, the Department bears the burden of proving several elements, the first of which is that "reasonable suspicion or probable cause existed to stop or arrest the person." TRANSP. § 724.042(1). The

2

only contested element in this case is whether the arresting officer had reasonable suspicion to stop Ardoin. The administrative law judge made the following finding on this element:

### FINDINGS OF FACT NO. 1

On June 13, 2014, reasonable suspicion to stop Defendant or probable cause to arrest Defendant existed. Abilene, Texas Police Officer Andrew Mason observed the Defendant operating a black Ford pickup truck on S. Clack Street, a public roadway, in Abilene, Taylor County, Texas. Officer Mason observed Defendant striking the curb on two occasions.

Accordingly, we must determine whether substantial evidence supports the administrative law judge's finding that reasonable suspicion existed for Officer Mason to stop Ardoin. In that respect, we stand in the same position as the county court, and we review the administrative law judge's order without deference to the county court's judgment. *See Alford*, 209 S.W.3d at 103.

Our scope of review is confined to the administrative record. *Dep't of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 336 (Tex. App.—Waco 2005, pet. denied); *see* TEX. GOV'T CODE ANN. § 2001.175(e) (West 2016). The evidence in this administrative record is quite brief in that it only consists of three documents offered by the Department and a recording of the stop offered by Ardoin. One of the three documents was the "Peace Officer's Sworn Report" prepared by Officer Mason. The opening paragraph of his narrative stated as follows:

On 6/13/2014, I was working overtime routine patrol for F Company in District 5. At approximately 0029 hours I was driving behind a black 2000 Ford F-150 (TX LP . . . ) in the 5500 block of S. Clack Street. I observed the vehicle strike the West curb in the 5500 block of S. Clack Street. I continued to follow the vehicle and observed the vehicle strike the West curb again in the 6300 block of S. Clack Street. I continued to follow the vehicle, who turned West on Antilley Road. I then activated my emergency lights due to the vehicle striking

3

the West curb twice. I was also suspicious that the driver was intoxicated.

This paragraph of Officer Mason's narrative is the only portion of his report addressing his basis for stopping Ardoin.

The recording of the stop depicts Ardoin's vehicle from the rear as recorded from the dash of Officer Mason's patrol unit as it followed Ardoin. Officer Mason followed Ardoin for approximately one minute before activating the overhead lights on his patrol unit to pull Ardoin over. The parties dispute whether the recording depicts Ardoin striking the curb twice. As noted previously, the administrative law judge found that "Officer Mason observed Defendant striking the curb on two occasions." Conversely, the county court found that the video only depicted one incident of Ardoin striking the curb.

The audio portion of the recording contains the verbal interaction between Officer Mason and Ardoin. At the outset of the stop, Officer Mason asked Ardoin: "Do you know why I'm am pulling you over?" After Ardoin answered, "No, sir," Officer Mason said, "You hit the curb twice back there on the access road." Over the course of the next minute, Officer Mason asked Ardoin questions about whether he had been drinking and where he had been. Officer Mason then told Ardoin: "Well, the reason I stopped you is "[be]cause you're—hit the curb a couple of times whenever you're driving down Antilley . . . and its 12:30."

Ardoin asserts that the act of striking a curb is not a traffic offense and that its observance could not serve as the basis for reasonable suspicion. The Department asserts that Officer Mason did not need to describe a "particularized offense" in order for reasonable suspicion to exist and that his statement that he suspected that Ardoin was driving while intoxicated must be read in conjunction with his observation that Ardoin struck the curb twice. Conversely, Ardoin contends that Officer Mason did not say in his narrative that his observations of Ardoin striking the curb caused him

4

to suspect Ardoin was intoxicated and therefore led to the stop. Ardoin asserts that Officer Mason's statement that "I was also suspicious that the driver was intoxicated" was conclusory with no factual basis.

We note at the outset that the bulk of the cases addressing reasonable suspicion are criminal cases where the issue has been litigated in the context of a motion to suppress. These cases typically have a much more developed record than the administrative record before us. Additionally, the applicable standard of review for a motion to suppress affords a great deal of deference to the trial court's resolution of historical facts and credibility issues. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Under the standard of review applicable to this appeal, however, we give no deference to the county court's judgment, and we are also not bound by the reasons given by the administrative law judge in her order. Instead, we focus on whether some reasonable basis exists in the record for the action taken by the agency.

The Texas Court of Criminal Appeals issued an opinion after this case was briefed that is instructive on the applicable analysis of reasonable suspicion. *See Leming v. State*, 493 S.W.3d 552 (Tex. Crim. App. 2016). *Leming* involved a similar contention of a vehicle being stopped after an officer observed it "drifting in its lane." *Id.* at 554. The officer in *Leming* testified that the driver almost hit the curb twice. *Id.* Additionally, a video of the officer following the driver was also available for the court to review. *Id.*

The *Leming* court conducted an extensive analysis of Section 545.060(a)(1) to conclude that the requirement of the Transportation Code to "drive as nearly as practical entirely within a single lane" does not contain an element of "unsafety" in order for a traffic offense to occur. *Id.* at 556–61. The court further determined that it did not need to decide if the video showed the driver leaving his lane entirely "because, for a peace officer to stop a motorist to investigate a traffic infraction, as

5

is the case with any investigative stop, 'proof of the actual commission of the offense is not a requisite.'" *Id.* at 561 (quoting *Drago v. State*, 553 S.W.2d 375, 377 (Tex. Crim. App. 1977)).

The court in *Leming* continued its analysis by determining that the officer had an objective basis for having a reasonable suspicion that the driver was driving while intoxicated. *Id.* at 561. The court quoted extensively from *Derichsweiler v. State*:

> A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified.

*Id.* at 562 (quoting *Derichsweiler v. State*, 348 S.W.3d 906, 914–15 (Tex. Crim. App. 2011)). The court stated in *Leming* that "[t]he question here is whether [the officer] had an objectively reasonable basis to suspect the driver . . . to be intoxicated." *Id.* at 563. Citing *Navarette v. California*, 134 S. Ct. 1683, 1690–91 (2014), the court recognized that reasonable suspicion need not rule out the possibility of innocent conduct. *Id.*; *see also Jaganathan v. State*, 479 S.W.3d 244, 248 (Tex. Crim. App. 2015). "Reasonable suspicion depends on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Under that commonsense approach, we can appropriately recognize certain driving behaviors as sound indicia of drunk driving." *Leming*, 493 S.W.3d at 564 (quoting *Navarette*, 134 S.Ct. at 1690).

We note that the record in *Leming* was much more developed regarding the officer's basis for initiating the traffic stop. The officer in *Leming* had additional facts, including a tip about the driver and a longer period of time to observe the

driver's operation of the vehicle.  However, there are elements of *Leming*'s analysis that are applicable to this proceeding.  Specifically, an officer may have an objectively reasonable basis to investigate the cause of unusual, erratic driving even if that manner of driving does not necessarily constitute a traffic offense.  *Id.*

Viewing the evidence in the administrative record, we conclude that it demonstrates some reasonable basis for the agency's action of suspending Ardoin's driver's license.  *See Mireles*, 9 S.W.3d at 131.  The recording of Ardoin's vehicle reveals that he was drifting within his lane.  He clearly struck the curb on one instance.  The other instance is not as readily apparent because there was water on the edge of the road, and it is not entirely clear if an actual curb was in existence because of construction on the road.  Under *Leming*, however, the act of "almost" striking a curb can serve as a basis for an officer to investigate the cause of erratic driving.  The recording also depicts Ardoin driving on top of the white line on the opposite side of his lane as he was making a right turn.

Reasonable suspicion "is an objective standard that disregards the subjective intent of the officer[1] and requires only some minimal level of justification for the stop.  *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016) (citing *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013); *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)).  Ardoin's erratic driving at 12:30 a.m. constituted specific, articulable facts that provided Officer Mason with an objectively reasonable basis to justify a temporary detention to investigate the cause of the erratic driving.  *See Leming*, 493 S.W.3d at 564–65.  The Department's sole issue is sustained.

---

[1]As noted previously, the parties disagree over the meaning and effect of Officer Mason's statement that he "was also suspicious that the driver was intoxicated."  We do not need to resolve this dispute because it concerns the subjective intent of the officer, which is a matter we disregard in reviewing the existence of reasonable suspicion.

*This Court's Ruling*

We reverse the judgment of the county court, and we render judgment in favor of the Department, reinstating the decision of the administrative law judge.


JOHN M. BAILEY

JUSTICE


March 31, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.