**Opinion issued November 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-18-00905-CR**

————————————

**LETICIA PEREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 2181639**

---

## MEMORANDUM OPINION

After the trial court denied her motion to suppress evidence, appellant, Leticia

Perez, pleaded guilty to driving while intoxicated.[1]  The trial court found appellant

guilty and assessed her punishment at one year of confinement, which it suspended,

---

[1]    *See* TEX. PENAL CODE § 49.04.

placing her on community supervision for 18 months. In her sole issue on appeal, appellant contends the trial court erred in denying her motion to suppress. We affirm.

## BACKGROUND

Sometime after midnight on December 15th, 2017, Harris County Deputy Constable T. Newsome was on night patrol in Northeast Harris County on a feeder road running alongside Beltway 8. There, he observed a car driven by appellant. There was no other traffic in the immediate vicinity of appellant. Newsome, a police officer trained and experienced in detecting drunk drivers, followed appellant for about a minute. During that short time period, appellant drifted from her lane four times, with distances ranging from a few inches to a few feet. Upon appellant's fourth drift from her lane, Deputy Newsome turned on his siren and pulled appellant over. Deputy Newsome believed that appellant's actions constituted a violation pf section 545.060(a) of the Transportation Code, commonly known as "failure to maintain a single lane." Newsome also believed that the drifting indicated that appellant could have been intoxicated. After detaining appellant, Newsome questioned her and conducted a field sobriety test, which appellant failed. Having determined that there was probable cause to believe that appellant was intoxicated, Deputy Newsome arrested her, and she was charged with the misdemeanor offense of driving while intoxicated.

At trial, appellant filed a motion to suppress evidence, alleging that her warrantless detention violated her Fourth Amendment right against unreasonable searches and seizures. Specifically, she claimed that Deputy Newsome did not have the reasonable suspicion necessary to conduct the traffic stop. The trial court denied appellant's motion to suppress. Shortly thereafter, appellant changed her plea to "guilty" as a result of this ruling. Appellant was found guilty and was sentenced to one year in county jail, probated for 18 months, and no fine. This appeal followed.

## DENIAL OF MOTION TO SUPPRESS

In two issues, appellant contends the trial court erred in denying her motion to suppress, arguing that the Deputy Newsome did not have reasonable suspicion to detain her for either (1) driving while intoxicated or (2) violating section 545.060 of the Texas Transportation Code by failing to maintain a single marked lane of traffic.

### *Applicable Law and Standard of Review*

The United States and Texas Constitutions protect against unreasonable searches and seizures. U.S. CONST. amend. IV.; TEX. CONST. art. 1, §9. No evidence obtained in violation of the United States or Texas Constitutions can be admitted as evidence against the accused at trial. TEX. CODE CRIM. PROC. art. §38.23. A warrantless automobile stop is a Fourth Amendment seizure analogous to a temporary detention, and it must be justified by reasonable suspicion. *Berkemer v.*

*McCarty*, 468 U.S. 420, 439 (1984); *see Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

To suppress evidence based on a violation of the Fourth Amendment, the defendant bears the initial burden of proof to rebut the presumption of proper police conduct by establishing that the search or seizure occurred without a warrant. *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). The burden then shifts to the State to prove that there was a reasonable suspicion that the person was violating the law. *Id.* If the State has not shown sufficient evidence of reasonable suspicion, then the traffic stop violates the Fourth Amendment. *Brodnex v. State,* 485 S.W.3d 432, 437 (Tex. Crim. App. 2016).

When reviewing a trial court's ruling on a motion to suppress, we give almost total deference to the court's determination of the historical facts that the record supports, especially when those fact-findings are based on an evaluation of the witnesses' credibility and demeanor. *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). At a suppression hearing, the trial court is the sole finder-of-fact and is free to believe or disbelieve any or all the evidence presented. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). If the trial courtmakes express findings of fact, we view the evidence in the light most favorable to the ruling and determine whether the evidence supports these factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447

(Tex. Crim. App. 2010). When a trial court makes no explicit findings of historical fact, the appellate court should view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact. *See Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

We accord almost total deference to the trial court's rulings on mixed questions of law and fact if those decisions turn on the credibility and demeanor of the witnesses. *See Guzman*, 955 S.W.2d at 89. We review *de novo* mixed questions of law and fact that do not turn on witness credibility. *Id.* Despite its fact-sensitive analysis, the "reasonableness" of a specific search or seizure under the Fourth Amendment is subject to *de novo* review. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).

Reasonable suspicion exists when the officer can "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). For an officer to have reasonable suspicion, these "specific and articulable" facts must justify the traffic stop from the inception of the stop. *State v. Duran*, 396 S.W.3d 563, 568-69 (Tex. Crim. App. 2013). This is an objective standard that disregards the subjective intent of the officer and only requires some minimal level of justification for the stop. *Brodnex,* 485 S.W.3d at 437. However, the officer must have more than an inarticulable hunch or mere good-faith suspicion that a crime was

in progress. *Id.* In deciding whether an officer had a reasonable suspicion, we examine the facts that were available to the officer at the time of the investigation. *Id.* We disregard any subjective intent of the officer making the stop and look solely to whether an objective basis for the stop exists. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93.

*Analysis*

We first consider whether Deputy Newsome had reasonable suspicion to believe that appellant had committed the offense of driving while intoxicated. A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE § 49.04(a).

Reasonable suspicion depends on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Navarette v. California*, 572 U.S. 393, 402 (2014). Under that commonsense approach, we can appropriately recognize certain driving behaviors as sound indica of drunk driving. *Id.* Texas courts have recognized a wide range of behaviors that fall into this category and give rise to a reasonable suspicion of driving while intoxicated. *See e.g.*, *Leming,* 493 S.W.3d at 563–65 (holding that driving well below the speed limit and weaving in and out of lanes gave rise to reasonable suspicion); *Nevedomsky v. State*, No. 01-12-00105-CR, 2013 WL 655194 at *4 (Tex.

App.—Houston [1st Dist.] Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication) (holding that drifting onto shoulder of highway and failure to signal gave rise to reasonable suspicion of drunk driving); *see also Tex. Dep't of Pub. Safety v. Ardoin*, 515 S.W.3d 910, 915 (Tex. App.—Eastland 2017, no pet.) (holding that striking or almost striking curb gave rise to reasonable suspicion). A determination that reasonable suspicion exists need not rule out the possibility of innocent conduct. *Leming*, 493 S.W.3d at 565.

Appellant relies on *State v. Bernard* to argue that Newsome did not have probable cause to believe that appellant had committed the offense of DWI. 545 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In *Bernard*, the State appealed after the trial court granted the defendant's motion to suppress. *Id.* The court of appeals, after applying the standard of review giving deference to the trial court's determination of factual issues, upheld the trial court's ruling granting the motion to suppress, noting that (1) the defendant "left his lane by a few inches only twice, which we do not characterize as weaving," (2) "there was no evidence of aggressive driving or the location of the stop being near a bar district," even though the stop occurred at approximately 3:20 a.m., and (3) the record did not show that the "trial court failed to take [the officer's] experience and training into account in reaching its conclusions that [the officer] lacked reasonable suspicion for the stop." *Id.* at 706–07. The court concluded that the officer lacked reasonable

7

suspicion to stop the defendant for DWI because "[the defendant's] leaving his lane by a few inches only twice, the time of the stop, and [the officer's] training and experience—do not amount to specific, articulable facts that, combined with rational inferences from those facts, would have led [the officer] reasonably to conclude that [the defendant] was driving while intoxicated." *Id*. at 707.

In contrast, in *Curtis v. State*, the defendant, Curtis, was stopped by a police officer after the officer witnessed him weave "at least three times out of his lane over a relatively short distance of a few hundred yards." 238 S.W.3d 376, 380 (Tex. Crim. App. 2007). The police officer, who had training and experience in detecting drunk driving, pulled Curtis over at 1:00 AM. *Id.* at 380. Considering the totality of the circumstances, the Court of Criminal Appeals held that the police officer had the reasonable suspicion necessary to detain Curtis and investigate him for DWI. *Id.* at 381.

This case is more like *Curtis* than *Bernard*. Here, appellant drifted out of her lane *four* times in approximately one minute before Deputy Newsome pulled her over—with the drifting ranging in distance from several inches to *several feet*. At one point, appellant's vehicle completely straddled the line separating the lanes of traffic. Deputy Newsome, experienced and trained in detecting drunk driving, pulled appellant over after midnight. Evaluating the totality of the circumstances and giving deference to the trial court's implicit fact findings as we must, we conclude that the

8

trial court did not err in concluding that appellant's erratic driving behavior gave rise to the minimal level of justification required for an investigatory detention. *See Brodnex*, 485 S.W.3d at 437. These circumstances are sufficient to meet the low standard required to show reasonable suspicion of a DWI offense. *See Leming*, 493 S.W.3d at 565. ("We would deem it counterproductive and contrary to common sense to set the reasonable-suspicion bar for driving while intoxicated so high that law enforcement must hesitate to investigate such hazardous driving for fear that the stop will later be invalidated.").

We overrule issue one.

In issue two, appellant contends that Deputy Newsome did not have reasonable suspicion to detain appellant for violating section 545.060(a) of the Transportation Code for failing to maintain a single lane of traffic. Because Deputy Newsome had reasonable suspicion to detain appellant and investigate further for driving while intoxicated, we need not determine whether he also had reasonable suspicion to detain appellant for a violation of section 545.060(a) of the Transportation Code.

We overrule issue two.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).